UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-7376 FMO (AYPx)** | Date | **March 23, 2026** |
|---|---|---|---|
| Title | **William Louis Miller v. General Motors, LLC** | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:        Attorney Present for Defendant:

None Present                None Present

**Proceedings:       (In Chambers) Order Remanding Action**

On February 13, 2025, William Louis Miller ("plaintiff") filed a complaint in the Los Angeles County Superior Court ("state court") against General Motors, LLC ("defendant"), (see Dkt. 1, Notice of Removal ("NOR") at 1), and on March 28, 2025, filed a First Amended Complaint ("FAC"), asserting warranty claims pursuant to the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq.; and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, et seq. (Dkt. 1-1, FAC at ¶¶ 8-44). Plaintiff also asserted clams under the Uniform Commercial Code and the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. (See Dkt. 1-1, FAC at ¶¶ 45-71). Plaintiff's claims arise from his purchase of a 2020 Chevrolet Silverado 1500 in November 2020, (see id. at ¶¶ 6, 9), which he alleges "manifested defects" including, but not limited to, an "engine defect[.]" (See id. at ¶ 12). Plaintiff seeks, among other things: (1) damages; (2) restitution; (3) a "civil penalty in the amount of two times Plaintiff's actual damages[;]" (4) "remedies authorized by California Commercial Code [§§] 2711, 2712, and/or 2713;" and (5) attorney's fees. (See id. at Prayer).

On June 25, 2025, defendant filed its Answer in state court, (see Dkt. 1, NOR at 1), and on August 8, 2025, it removed the action on the basis of diversity jurisdiction. (See id. at 2-5). Defendant contends that removal is timely because the FAC is "ambiguous as to the amount in controversy and Plaintiff's state of citizenship[,]" (id. at 1), and represents that "[i]n the last 30 days, [it], through counsel, conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction." (Id.).

Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 15, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**DISCUSSION**

Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-7376 FMO (AYPx)** | Date | **March 23, 2026** |
|---|---|---|---|
| Title | **William Louis Miller v. General Motors, LLC** | | |

merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569-70 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, defendant removed this action on the basis of diversity jurisdiction.[2] (See Dkt. 1, NOR at 2-5). To show that this action exceeds the jurisdictional minimum, see 28 U.S.C. § 1332(a), defendant first calculated actual damages as $50,489.25, which includes statutory offsets. (See Dkt. 1, NOR at 4). Because actual damages were insufficient to reach the jurisdictional threshold, defendant added civil penalties, (see id.); Cal. Civ. Code § 1794(c), as well as $5,000 in attorney's fees, which caused the amount in controversy to exceed $75,000. (See Dkt. 1, NOR at 5). Accordingly, "whether removal is proper turns on Plaintiff's claim for civil penalties." See Pennon v. Subaru of America, Inc., 2022 WL 2208578, *2 (C.D. Cal. 2022).

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] Although the FAC includes a claim under the MMWA, (see Dkt. 1-1, FAC at ¶¶ 34-44), the court need not consider it here because defendant did not seek removal on that basis. (See, generally, Dkt. 1, NOR at 2-5). Also, because the court concludes that it does not have subject matter jurisdiction, it need not decide whether defendant's removal was timely.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | **CV 25-7376 FMO (AYPx)** | Date | **March 23, 2026** |
|---|---|---|---|
| Title | **William Louis Miller v. General Motors, LLC** | | |

Defendant alleges that its "preliminary investigation . . . revealed that Plaintiff is more likely than not to actually seek [two times actual damages in] civil penalties[,]" and should therefore be included in the amount in controversy.  (Dkt. 1, NOR at 4).  But defendant's conclusory and boilerplate allegation, (id.), is insufficient for the court to consider in ascertaining the amount in controversy.  The amount in controversy is determined based on the complaint at the time the notice of removal is filed.  See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) ("[T]he core principle of federal removal jurisdiction on the basis of diversity . . . [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").  A plaintiff who establishes a violation of the Song-Beverly Act may also recover a civil penalty equal to "two times the amount of actual damages[,]" where the defendant's violation was willful.  Cal. Civ. Code § 1794(c); see Langer v. General Motors LLC, 2025 WL 3281526, *4 (C.D. Cal. 2025).  However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed."  Pennon, 2022 WL 2208578, at *2 (internal quotation marks omitted).  Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence – such as verdicts or judgments from similar cases – regarding the likely amount of the penalty."  Id. (internal quotation marks and alteration omitted); see, e.g., Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020) (stating, in CAFA removal case, that a defendant satisfies the amount-in-controversy requirement "if it is reasonably possible that it may be liable for the proffered punitive damage amount" and that "[o]ne way to meet the burden is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied on by defendant in its removal notice").

In other words, the court must determine the amount in controversy based on the facts that are before it, not on contingent, uncertain, or speculative allegations.  That is, the amount in controversy cannot be met by conjecture or speculative allegations regarding a contingent claim, i.e., willfulness, that is not plausible based on the allegations in the FAC.  See, e.g., Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 543 (3rd Cir. 1995) (court "will not ordinarily consider such speculative arguments in determining amount in controversy"); see also Kheel v. Port of N.Y. Auth., 457 F.2d 46, 49 (2nd Cir. 1972) ("[T]he jurisdictional test is applicable to that amount that flows directly and with a fair degree of probability from the litigation, not from collateral or speculative sources.").  Here, the FAC's allegations regarding willfulness are boilerplate and conclusory, alleging only that "Defendant's failure to comply with its obligations . . . was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them."  (See Dkt. 1-1, FAC at ¶¶ 17, 24, 28).  Under the circumstances, "plaintiff['s] boilerplate allegations regarding defendant['s] willfulness are, without more, insufficient to establish that civil penalties . . . should be included in the amount in controversy."[3]  Lopez v. Kia Am., Inc.,

---

[3]  While there is a split on this issue, the court finds more persuasive the view that civil penalties should not be included in the amount in controversy when the FAC includes only conclusory allegations regarding willfulness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-7376 FMO (AYPx)** | Date | **March 23, 2026** |
|---|---|---|---|
| Title | **William Louis Miller v. General Motors, LLC** | | |

693 F.Supp.3d 1063, 1068 (C.D. Cal. 2023); see, e.g., Pennon, 2022 WL 2208578, at *2 ("Defendant has made no serious attempt to justify the inclusion of a civil penalty in the calculation of the jurisdictional amount."); Langer, 2025 WL 3281526, at *5 ("Gesturing to a bare request by Plaintiffs for civil penalties, with only a conclusory allegation of willfulness, absent facts making willfulness plausible – falls short[.] . . . Furthermore, allowing such minimal allegations to support removal would run counter to the strong presumption that must exist against removal jurisdiction."). Without the inclusion of civil penalties, defendant has failed to show that the amount in controversy meets the jurisdictional threshold for diversity jurisdiction.[4]

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it was not facially evident from the complaint that more than $75,000 was in controversy, [defendant] should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold.") (cleaned up).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 15)** is **granted in part** and **denied in part**. The Motion is denied as to fees.[5]

2. The above-referenced action shall be **remanded** to the Superior Court of the State of

---

[4] Defendant also included $5,000 in attorney's fees. (See Dkt. 1, NOR at 5). Even adding $5,000 to the actual damages calculation would not satisfy the amount in controversy threshold.

[5] Plaintiff requests attorney's fees in connection with his Motion. (See Dkt. 15, Motion at 9-10). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Here, the court finds that defendant did not lack an objectively reasonable basis for removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-7376 FMO (AYPx)** | Date | **March 23, 2026** |
|----------|---------------------------|------|---------------------|
| Title | **William Louis Miller v. General Motors, LLC** | | |

California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C.
§ 1447(c).

3.  The Clerk shall send a certified copy of this Order to the state court.

00        :        00

Initials of Preparer                    vdr